IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACQUELINE M. GARVEY,

    Plaintiff,

v.                                                                 CASE NO. 1:07-cv-00021-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 22, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be affirmed in part, and reversed in part, and the cause remanded for further proceedings.  The Magistrate Judge filed the Report and Recommendation on Monday, October 29, 2007.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made.  In this instance, however, no objections were made.

The Magistrate's Report recommends that the Commissioner's decision be affirmed in part, reversed in part, and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  The Administrative Law Judge ("ALJ") found at step two of the sequential analysis that Plaintiff's hip replacement, osteoporosis, and catamenial hemoptysis were not "severe" impairments, and the ALJ

determined that Dr. Foster's opinion covered a period after the expiration of Plaintiff's insured status. The Magistrate states that the ALJ's findings on these issues correctly followed the law and were based upon substantial evidence in the record, and recommends that these findings be affirmed. The Court agrees, and the ALJ's findings on these issues are affirmed.

The ALJ did not find Plaintiff's cystic fibrosis to be a relevant "severe" impairment, and because of this, the ALJ did not consider this in combination with Plaintiff's other "severe" impairment. Plaintiff's treating physician, Dr. Harman, expressed an opinion concerning whether Plaintiff was disabled by cystic fibrosis. The Court agrees with the Magistrate that the ALJ failed to point to substantial evidence in the record to discount the opinion of Dr. Harman. Because of this, the Court agrees with the Magistrate that the ALJ failed to follow the law governing the substantial weight to be given to the opinion of Plaintiff's treating physician, and that the ALJ's decision was not based upon substantial evidence in the record.

Therefore, because the ALJ's decision on this issue was not supported by substantial evidence, it is reversed, and the case is remanded. On remand, if the Commissioner cannot point to substantial evidence in the record, the Commissioner must give substantial weight to the retrospective opinion of Dr. Harman. The Commissioner must also fully consider whether Plaintiff's cystic fibrosis, in combination with other "severe" impairments, met or equaled a Listed Impairment. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying Plaintiff's application for Social Security benefits is AFFIRMED as to the findings that Plaintiff's hip replacement, osteoporosis, and catamenial hemoptysis were not "severe" impairments, and as

to the opinion of Dr. Foster regarding Plaintiff's cystic fibrosis impairment.

3. The Commissioner's decision is REVERSED and REMANDED for further consideration consistent with this Order and the Report and Recommendation as to Plaintiff's cystic fibrosis impairment, the weight to be given to the opinion of Dr. Harman, consideration of Plaintiff's impairments in combination, and consideration of Plaintiff's impairments at steps 3, 4, and 5.

4. If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *12th* day of December, 2007

       *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge